UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER AUKSTUOLIS, | ) |
| Plaintiff, | ) |
| | ) No. 11 C 2245 |
| v. | ) |
| | ) Magistrate Judge Schenkier |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On August 31, 2012, the plaintiff, Peter Aukstuolis, filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) (doc. #27). Mr. Aukstuolis asks the Court to alter or amend its judgment entered August 3, 2012 (doc. # 25). In that Memorandum Opinion and Order ("Opinion"), this Court denied plaintiff's motion for summary judgment in his Social Security disability benefits case and granted the Commissioner's motion for summary judgment. For the reasons set forth below, the Court grants Mr. Aukstuolis's Rule 59(e) motion.

I.

Mr. Aukstuolis filed for Disability Insurance Benefits ("DIB"), alleging an onset date of August 24, 2006, at the age of 47 (R. 9), and claiming he was disabled due to impairments of his left knee, right shoulder with resulting pain and headaches, and disc herniation (R. 233, 238, 262, 265, 306, 337, 376, 471, 582). His claim was denied at all levels of administrative review (R. 1-5, 9-19, 67, 77). He sought judicial review, and the parties consented to magistrate judge jurisdiction (doc. ## 9-10). Both parties filed motions for summary judgment. In granting the Commissioner's motion, this Court upheld the Commissioner's ultimate finding that Mr. Aukstuolis was not disabled (doc. # 25).

As part of her determination, the administrative law judge ("ALJ") found that Mr. Aukstuolis had the residual functional capacity ("RFC") to perform light work, "except he cannot lift more than 20 pounds occasionally, 10 pounds frequently, stand and/or walk more than 6 hours in an 8 hour work day sit for more than 6 hours in an 8 hour work day, limited pushing and/or pulling in his upper right extremities. He should never climb ladders and also only occasionally climb stairs, stoop, kneel, crouch, or crawl. He should not fully extend his right upper extremity in reaching nor should he perform more than occasional rotation and extension of his neck" (R. 12). In challenging that determination before this Court, Mr. Aukstuolis argued that the ALJ had incorrectly determined his RFC because she ignored his testimony about his inability to sit for long periods (doc. #20: Pl.'s Mem. at 10), and improperly evaluated the credibility of Mr. Aukstuolis's testimony about certain aspects of his condition (*Id.* at 7-11).

The Court acknowledged that the ALJ had not included any sitting limitations in Mr. Aukstuolis's RFC. This Court did not rule on the question on whether substantial evidence supported the ALJ's decision on that score. Rather, the Court explained that the ALJ had addressed those limitations in hypothetical questions she posed to the vocational expert ("VE") (Opinion, at 17, citing R. 55). This Court noted that in her finding that plaintiff was not disabled, the ALJ "relied upon the availability of light work, and not on sedentary jobs available (R. 15-16)," even though the VE testified that the sitting limitations posed in the ALJ's hypothetical question would limit a person to sedentary jobs (Opinion, at 18). That said, the Court found any error in failing to include a sitting limitation in the RFC was harmless because, even if Mr. Aukstuolis had been limited to sedentary work, the VE had testified that there were enough jobs available to support a finding that Mr. Aukstuolis was not disabled (*Id.*)

2

With respect to plaintiff's challenges to the ALJ's credibility determinations, this Court found that the ALJ had not sufficiently addressed the evidence of Mr. Aukstuolis's activities of daily living as they bore upon his allegations about the limitations caused by pain in his right shoulder, arm, and hand (Opinion, at 19-20). However, the Court ruled that the ALJ's mistake was harmless, because the ALJ had taken those limitations into account in questioning the VE about jobs available in the workforce. Again, the Court relied on the VE's testimony that there were still substantial jobs that Mr. Aukstuolis could perform available at the sedentary level, even taking into consideration his alleged shoulder, arm, and hand restrictions (*Id.* at 20).

## II.

A Rule 59(e) motion should be granted only in the case of a manifest error of law or fact or newly discovered evidence. *Miller v. Safeco Ins. Co. of America*, 683 F.3d 805, 813 (7th Cir. 2012). This rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

In support of his Rule 59(e) motion, Mr. Aukstuolis correctly points out that this Court's finding of harmless error was based on the rationale that even if Mr. Aukstuolis could only perform sedentary work, the record showed that there were sufficient jobs available to support a finding that he was not disabled. But Mr. Aukstuolis further points out – also correctly – that the Court did not consider that for part of the period at issue, beginning as of February 14, 2009, he was more than 50 years old (*Id.*, citing R.15). For that time period, if Mr. Aukstuolis were limited to sedentary jobs, the Medical-Vocational Guidelines could dictate a finding of disabled, based on his age, education, and work experience. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.14 (a claimant who is limited to sedentary work, is approaching advanced age (50-54), who is a high school graduate or more, who has performed skilled or semi-skilled work in the

3

past but does not have skills that are transferable to sedentary work, ordinarily will be found disabled).

We agree that in light of the Medical-Vocational Guidelines, the shortcomings we identified in the ALJ's decision cannot be dismissed as harmless. For example, the failure of the ALJ to fully address whether Mr. Aukstuolis's activities of daily living support greater limitations on the use of his right shoulder, arm and hand implicates whether he would be limited to sedentary work, which in turn would affect the application of the Medical-Vocational Guidelines and thus the question of disability – at least as of the time that Mr. Aukstuolis reached the age of 50 years old.

In these circumstances, we conclude that the best course of action is to remand the case so that the ALJ may further consider this evidence (as well as the evidence of Mr. Aukstuolis's limitations on sitting) in determining Mr. Aukstuolis's RFC. Should the ALJ again find that Mr. Aukstuolis can perform light work, the ALJ does not need to discuss the Medical-Vocational Guidelines. On the other hand, if the ALJ finds instead that Mr. Aukstuolis has an RFC that limits him to sedentary work, the ALJ must determine whether the Medical-Vocational Guidelines warrant a determination of disability as of the time that Mr. Aukstuolis reached the age of 50 years old.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** plaintiff's motion to alter or amend the judgment (doc. # 27). We hereby amend our judgment entered on August 3, 2012 (doc. # 25), to enter judgment for the plaintiff and against the defendant, reversing the decision of the ALJ and remanding the case for further proceedings consistent with this Memorandum Opinion and Order.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

DATE: November 6, 2012