UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PETER AUKSTUOLIS, )
)
Plaintiff, )
) No. 11 C 2245
v. )
) Magistrate Judge Schenkier
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security,[1] )
)
Defendant. )
)

# MEMORANDUM OPINION AND ORDER

The plaintiff, Peter Aukstuolis, filed this social security appeal challenging the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability Insurance Benefits ("DIB"). On August 3, 2012, this Court initially affirmed the decision of the Administrative Law Judge ("ALJ"). *Aukstuolis v. Astrue*, No. 11 C 2245, 2012 WL 3205038 (N.D. Ill. Aug. 3, 2012). Upon consideration of the plaintiff's motion to alter or amend the judgment, however, this Court reversed and remanded. *Aukstuolis v. Astrue*, No. 11 C 2245, 2012 WL 5412265 (N.D. Ill. Nov. 6, 2012). Mr. Aukstuolis subsequently filed a motion seeking payment of his attorney's fees in the amount of $6,881.71 and $16.80 in costs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (doc. # 39: Pl.'s Mot. for EAJA Fees; doc. # 44: Pl.'s Reply). For the reasons stated below, this Court grants plaintiff's motion for an award of attorney's fees and costs in the amount of $6,898.51.

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25, Carolyn W. Colvin is automatically substituted as defendant.

# I.

Under EAJA, a party who prevails against the United States in a civil action is entitled to an award of reasonable attorney's fees where (1) the plaintiff makes a timely application for fees; (2) the plaintiff is a prevailing party; (3) the government's position was not substantially justified; and (4) no special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A)-(B); *see Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The only dispute in this case is whether the Commissioner's position was substantially justified.

The government bears the burden to establish that the ALJ's decision and the Commissioner's defense of it were substantially justified. *Stewart*, 651 F.3d at 683. The Supreme Court has defined "substantially justified" to mean "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government must show that its "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). While a run-of-the-mill error in articulation will not be sufficient to preclude substantial justification, something more egregious, such as the "ALJ ignoring or mischaracterizing a significant body of evidence," would render the government's position unjustified. *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011). The Commissioner's position includes her position during litigation and her pre-litigation position during the administrative proceedings. 28 U.S.C. § 2412(d)(2)(D); *Golembiewski*, 382 F.3d at 724. The decision of the ALJ is treated as part of pre-litigation conduct. *Golembiewski*, 382 F.3d at 724.

## II.

In our August 3, 2012 opinion, we found that the ALJ failed to correctly address the credibility of the plaintiff's claims of right shoulder, arm, and hand pain. The ALJ offered only the cursory and unsupported additional comment that he could still go fishing, without acknowledging that plaintiff alleged he cannot use his right hand while fishing or performing any other of his daily activities, such as bathing or holding a cup of coffee. *Aukstuolis*, 2012 WL 3205038, at *11. However, we held this error harmless where the limitations were provided in a hypothetical to the vocational expert ("VE"), who found there remained a sufficient number of available sedentary jobs that plaintiff could perform even when factoring in limited use of his right hand. *Id.* at *11-12. In that same opinion, we also found that assuming (without deciding) that the ALJ erred in failing to account for Mr. Aukstuolis's claimed inability to sit for extended periods in determining his residual functional capacity ("RFC"), any such error was also harmless, because the VE testified that there were still sufficient sedentary jobs available for a person with that limitation. *Id.* at *10.

Upon consideration of Mr. Aukstuolis's motion to alter or amend, we recognized that once Mr. Aukstuolis reached the age of 50, a different standard pertained to the analysis of whether he was disabled. *Aukstuolis*, 2012 WL 5412265, at *2 (citing 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.14). Our finding of harmless error was premised on the rationale that even if Mr. Aukstuolis's sitting limitations and hand pain limited him to sedentary work, the VE's testimony established that there remained a sufficient number of jobs he could perform to support the finding that he is not disabled. However, if Mr. Aukstuolis were limited to sedentary work once he reached the age of 50, the ALJ would need to ascertain whether, under the Medical-Vocational Guidelines, he would be entitled to a determination of disability, given

3

his age, education, and work experience. *Id.* Consequently, we remanded the case to allow the ALJ to further consider the evidence of pain and sitting limitations in determining plaintiff's RFC. *Id.*

We find that the ALJ's position was not substantially justified based on the shortcomings of the ALJ's decision we identified in both opinions. We found error in the ALJ's evaluation of the plaintiff's credibility as to the intensity and persistence of his pain and weakness to his right hand and arm, as well as in the unexplained disregard for his testimony concerning the limitations he faces when attempting to perform daily activities. *Aukstuolis,* 2012 WL 3205038 at *11. The ALJ did not account for his testimony as to the weakness and tingling in his right hand, such as his inability to easily hold a pen or write legibly without his arm shaking, lift a weight of greater than two pounds., open doors, hold his cup of coffee, shave, or otherwise use his dominant hand in everyday activities (R. 31-33). The ALJ failed to take this evidence into account when determining the plaintiff's RFC: she neither acknowledged and addressed his testimony, nor explained why she rejected that evidence. *Id.* Rather, the ALJ stated that she discounted the credibility of Mr. Aukstuolis's statements as to the severity of his symptoms, to the extent they were inconsistent with an RFC of light work, without properly addressing why she found his statements not credible (R. 13).

An ALJ may not simply ignore entire lines of evidence concerning the plaintiff's daily experiences, particularly when they do not support her conclusion. *See Villano v. Astrue,* 556 F.3d 558, 563 (7th Cir. 2009); *Herron v. Shalala,* 19 F.3d 329, 333 (7th Cir. 1994) (ALJ must give reasons for rejecting entire lines of evidence contrary to her determination). Instead, she must explain why she discounts certain relevant evidence. *Herron,* 19 F.3d at 333. An ALJ's position is not substantially justified when she simply disregards the claimant's testimony

4

without explanation – the explanation SSR 96-7p requires. *Accord Perry-Sharp v. Astrue*, No. 1:10-cv-014880-LJM-TAB, 2012 WL 3962437, at *1 (S.D. Ind. Sept. 10, 2012) ("When . . . a specific regulation on credibility findings has been blatantly ignored, there can be no substantial justification for a defense thereto.").

The government mistakenly argues that since there was objective medical evidence that cast doubt on the severity of the symptoms, the ALJ was substantially justified to reject plaintiff's statements. The regulations and the case law, however, prohibit the ALJ from discrediting the plaintiff's statements solely based on objective medical evidence, without evaluating the plaintiff's daily experiences. 20 C.F.R. § 404.1529(c)(2) (will not reject claimant's statements as to severity solely because medical evidence does not substantiate); *Villano*, 556 F.3d at 562 ("the ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no objective medical evidence supporting it."). The ALJ must consider a range of factors beyond medical evidence, such as the claimant's daily activities, duration, frequency, and intensity of pain, and precipitating and aggravating factors. *See* SSR 96-7p; *Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004).

The Commissioner spends much of her brief contending that light work requires less sitting than sedentary work, and therefore the Commissioner's position that Mr. Aukstuolis could perform light jobs was substantially justified even if Mr. Aukstuolis has the sitting limitations he claims (Def.'s Mem. at 4-5). This argument fails, as it is inconsistent with the testimony of the VE. In response to a hypothetical that included a sit/stand option to account for Mr. Aukstuolis's inability to sit for an extended period, the VE stated that this limitation would preclude light work and limit him to sedentary jobs (R. 55-57).

5

## CONCLUSION

For the foregoing reasons, we grant the plaintiff's motion for attorney's fees and costs under the Equal Access to Justice Act, and award fees in the amount of $6,881.71 and costs of $16.80. This amount, after any applicable offset permitted by law, is to be made payable to plaintiff's counsel. *See Mathews–Sheets v. Astrue*, 653 F.3d 560, 565-66 (7th Cir. 2011); *Delgado v. Astrue*, No. 11 CV 02849, 2012 WL 6727333, at *5 (N.D. Ill. Dec. 28, 2012); *Holofchak v. Astrue*, No. 09 C 5204, 2011 WL 662735 at *1 (N.D. Ill. Feb. 14, 2011).[2]

**ENTER:**

**SIDNEY I. SCHENKIER**
**United States Magistrate Judge**

DATE: June 11, 2013

---

[2] Though there was some initial dispute concerning to whom the EAJA fee was payable, Mr. Aukstuolis stated in his reply brief that he does not object to Commissioner's procedure on this issue (Pl.'s Reply at 5). Under this procedure, the Commissioner will first verify that the plaintiff does not owe a pre-existing debt. If there is no such debt, the award will be made payable to Mr. Aukstuolis's attorney (Def.'s Mem. at 6).